SAM LOUDER v. THE STATE.

No. 15691.   Delivered April 12, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 239.

The opinion states the case.

*John Morison* and *T. C. McMurray,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being imprisonment in the penitentiary for life.

The opinion upon a former appeal is reported in 44 S. W. (2d) 719.   The facts are set out in that opinion, and it is not necessary to extend this one by a repetition.   A reversal upon the former appeal was predicated upon the omission from the charge of an instruction that, if deceased, an officer, was attempting to arrest appellant, the arrest was unauthorized and unlawful, and in not informing the jury what appellant's rights would be under such circumstances.   Upon the present trial the court charged fully in regard to such matter, and in addition thereto gave two special charges requested by appellant upon the same defensive issues which had been submitted in the main charge.

Five bills of exception are brought forward.   The first complains because the court refused to instruct a verdict of acquittal.   There was no basis for such a charge.

The other bills are predicated upon refusal of special charges.   It is not necessary to set them out in detail or to discuss them further than to say the main charge and the two

special charges given amply covered the subjects embraced in the refused instructions.

No errors appear in the record.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of the lack of testimony to show that the shots fired by him caused the death of deceased. A witness testified that he saw appellant shoot at deceased, who was in front of his house. Appellant shot six or seven times. Deceased called out, "Lord have mercy," and fell near a light post. The undertaker testified that he went to the place and got the dead body of deceased near said light post. It was agreed by all parties that the wounds received by deceased were sufficient to cause his death. The father of deceased testified that the latter ate supper at home as usual that night and was in good health. The father said he next saw his son dead at the undertaker's. We think there is nothing in the contention of appellant.

The motion for rehearing will be overruled.

*Overruled.*